UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Albert Ray Steward, III,                                                            Civil No. 06-5124 RHK/AJB

                Plaintiff,

v.                                                                                                **REPORT AND RECOMMENDATION**
                                                               **ON MOTION TO DISMISS**

Royal Bank of Canada, et al.,

                Defendants.

This matter is before the court, Magistrate Judge Arthur J. Boylan, on motion by Royal Bank of Canada defendants[1] for dismissal pursuant to multiple provisions of Fed. R. Civ. P. 12.[2] [Docket No. 8 ]. Hearing was held on May 7, 2007, at the U.S. Courthouse, 180 East Fifth Street, St. Paul, MN 55101. The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(b). Plaintiff Albert Ray Steward, III, appeared pro se. Ralph DeSena, Esq, and Christopher A. Grgurich, Esq., appeared on behalf of the Royal Bank of Canada defendants. For reasons discussed below the Magistrate Judge recommends that defendants' motion to dismiss the action be granted.

---

[1] Specifically named parties designated as defendants in the amended complaint in addition to Royal Bank of Canada are RBC Centura, RBC Dain Rauscher, RBC Builder Finance, RBC Insurance Holding, RBC Liberty Life Insurance, and RBC Capital Markets. These parties are expressly described as "wholly owned and operated subsidiaries, divisions, affiliates, (collectively its agents), acting at the direction of and under the control of Royal Bank of Canada." Plaintiff's First Amended Complaint, ¶¶ 29 and 30. In addition, the amended complaint names Doe Defendants 1-24.

[2] Defendants move to dismiss "plaintiff's original and amended complaints pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue and 12(b)(6) for failure to state a claim." Reply Memorandum in Support of Motion to Dismiss, page 1.

**DISCUSSION**

<u>Background and Claims</u>

Plaintiff Albert Ray Steward resides in Minnesota. Defendant Royal Bank of Canada is a financial institution incorporated and headquartered in Toronto, Ontario, Canada. Plaintiff personally opened a checking account with Royal Bank of Canada in March 2002, by traveling to Toronto, Canada, and making a $100 cash deposit. Mr. Steward alleges that he opened the account to facilitate a transaction involving the sale of certain software/source code products that he had developed. Pursuant to a written purchase agreement[3] the technology was sold to a Florida company called Ziptop Group. A cashier's check in the amount of $185,000 was deposited in the Royal Bank account on March 16, 2000, but the account credit was reversed shortly thereafter upon the bank's determination that the cashier's check was counterfeit. Plaintiff continued to assert a claim to the funds and was ultimately advised that he would have to personally come to the bank's Toronto branch to resolve the matter. Mr. Steward went to the Toronto branch of the Royal Bank of Canada on November 16, 2000,[4] in an effort to withdraw funds. At that time bank personnel contacted Toronto police who came to the bank and arrested the plaintiff on a criminal fraud charge. Mr. Steward was detained in a Toronto jail for 71 days until the charges were withdrawn on January 25, 2002.[5]

Plaintiff commenced this action by complaint filed on December 29, 2006. Defendants timely served and filed a motion to dismiss the complaint on February 1, 2007, and a supporting

---

[3] Civil Complaint, Exh. A [Docket No. 1].

[4] Affidavit of Ralph DeSena, ¶ 6

[5] Id.

memorandum was served and filed on March 2, 2007.  Meanwhile, plaintiff filed a Memorandum of Law in Support on Plaintiff's Complaint on February 15, 2007,[6] an Answer to Memorandum of Law in Opposition to Defendant's Motion to Dismiss on March 12, 2007,[7] and a First Amended Complaint on March 23, 2007.[8]  The First Amended Complaint contains: 1) Count I alleging false imprisonment in violation of plaintiff's rights under the Fourteenth Amendment of the United States Constitution and his rights under the Minnesota State Constitution and the Minnesota Human Rights Act; 2) Count II entitled "Failure to Exercise Ordinary Care, Negligence and Bad Faith; 3) Count III alleging breach of fiduciary duty; 4) Count IV asserting liability under the Uniform Commercial Code; and 5) Counts V and VI alleging bad faith and fraud.

Following service of the amended complaint defendants served and filed a reply memorandum on April 23, 2007,[9] therein advising the court that a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction was withdrawn because the first amended complaint contained a federal question claim.[10]  However, defendants also assert that the additional federal

---

[6] [Docket No. 13].

[7] [Docket No. 23].

[8] [Docket No. 26].

[9] [Docket No. 31].

[10] Defendants acknowledge that a Fourteenth Amendment claim is ostensibly alleged in the first amended complaint, thereby establishing subject matter jurisdiction on federal question grounds. Though defendants contend that the Fourteenth Amendment claim is frivolous on its face because defendants are not state actors, they have nonetheless withdrawn their Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  However, the existence of subject matter jurisdiction is an issue that can be determined by the court on its own motion and at any time during the course of the litigation. NCAA v. Tarkanian, 488 U.S. 179, 191 (1988).  It is patently clear on the face of the first amended

question claim is frivolous on its face; that the amended complaint did not cure the deficiencies of the original complaint; and that the amended complaint should be dismissed for the same reasons that dismissal of the original complaint was appropriate.  On motion to dismiss the defendants contend that plaintiff has wholly failed to assert a claim with respect to any of the RBC subsidiaries; the action should be dismissed on grounds that this court is a *forum non conveniens*; the court lacks personal jurisdiction over Royal Bank of Canada; venue is improper; RBC cannot be held liable on Fourteenth Amendment violations; plaintiff has failed to state a cause of action for common law and UCC claims; and UCC claims are time barred.

**Personal Jurisdiction and Subsidiary Claims**

Defendants argue that plaintiff has not effectively asserted a cause of action against any subsidiary defendants and that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  As support for the jurisdictional defense the defendants note that plaintiff has alleged direct claims against Royal Bank of Canada (RBC) only; the claims relate solely to a checking account opened at the Royal Bank of Canada in Toronto, Ontario; and all other defendants are mere subsidiaries of RBC having no direct involvement in this matter.  Defendants contend that under these circumstances the subsidiary defendants are entitled to dismissal as a matter of law and the court does not have a basis for asserting personal jurisdiction over the primary defendant, RBC.

---

complaint that no defendant in this case is a state actor and plaintiff is not entitled to allege protections under the Fourteenth Amendment for any purported offenses by these defendants. As a matter of law plaintiff cannot allege a Fourteenth Amendment claim, or any other claim under the United States Constitution, against the defendants in this case, and his attempt to do so is frivolous.  Federal question jurisdiction does not exist in this case.

Plaintiff on the other hand insists that RBC has established sufficient contacts with Minnesota as a result of its purchase of Dain Rauscher, a Minnesota company, i.e. defendant RBC Dain Rauscher, and the Minneapolis presence of RBC Capital Markets.

**Subsidiary Defendants.** Federal Rule of Civil Procedure 12(b)(6) provides that a pleader may assert a defense of failure to state a claim upon which relief can be granted by motion. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). The reviewing court must take all well pleaded allegations as true and in the light most favorable to plaintiff. St. Croix Waterway Ass'n v. Meyer, 178 F.3d 515, 519 (8th Cir. 1999). Further, the court must accord reasonable inferences in favor of the non-moving party. Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley, 78 S.Ct. at 101-02). However, the court is not required to accept the legal conclusions drawn by the pleader from those facts, Thompson v. Olsten Kimberly Qualitycare, Inc., 980 F.Supp. 1035, 1037 (D. Minn. 1997), and a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Examination of the amended complaint in this action reveals that to the extent any claims against defendants other than Royal Bank of Canada may be construed as causes of action, such claims are wholly derivative from or contingent upon the claims against RBC. There are absolutely no direct claims based upon actions involving any of the subsidiaries, either independently or in an agency capacity. Furthermore, as further discussed below, there is no evidence and there are no reasonable inferences to be drawn from the pleadings which support the notion that any defendant in this matter

5

can be held liable for claims in this case on a corporate alter ego theory.  The amended complaint and plaintiff's motion submissions on legal issues consist of nothing other than general and conclusory allegations which the court is not obligated to accept on motion to dismiss.  Thompson, 980 F.Supp. at 1037.  Defendants RBC Centura, RBC Dain Rauscher, RBC Builder Finance, RBC Insurance Holding, RBC Liberty Life Insurance, RBC Capital Markets, and Doe Defendants 1-24 should be dismissed from this action for failure to state a claim upon which relief can be granted.

**Personal Jurisdiction over RBC.**  As a general principle, a nonresident defendant's contacts with a forum state must be sufficient to cause the defendant to "reasonably anticipate being hailed into court there."  Epps v. Stewart Information Services, Corp., 327 F.3d 642, 648 (8th Cir. 2003)(quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559 (1980).  For due process purposes "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting business with the forum state, thus invoking the benefits and protections of its laws." Id. 327 F.3d at 647-48 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct 1228 (1958).  When a cause of action arises out of or is related to the defendant's contacts with the forum state, personal jurisdiction is specific, and where jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum,  personal jurisdiction is general.  Id., 327 F.3d at 648 (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 n.8, 104 S.Ct. 1868 (1984).  The five-factor test to be applied in determining whether personal jurisdiction exists are: 1) the nature and quality of contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties.  Id.,

327 F.3d at 648 (citing Burlington Industries v. Maples Industries, Inc., 97 F.3d 1100, 1102 (8th Cir.1996).  The last two factors are less important in determining the sufficiency of contacts.  Id.  Moreover, when the defendant is a nonresident corporation personal jurisdiction can be based upon the activities of an in-state subsidiary, but only if the parent company's control and domination over the affairs of the resident subsidiary justify treatment of the subsidiary as the alter ego of the parent.  Id., 327 F.3d at 649.   However, a parent corporation is not doing business in the state merely because of the presence of a wholly owned subsidiary.  Id., 327 F.3d at 649 (citing Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250 (1925).  Given these considerations, the assertion of personal jurisdiction is contingent upon plaintiff's ability to pierce the corporate veil.  Id., 327 F.3d at 649 (citing Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management, Inc., 519 F.2d 634, 638 (8th Cir.1975).

       In the present instance the plaintiff makes no contention that the defendant parent corporation, Royal Bank of Canada, has any contacts with the state of Minnesota, apart from the existence of subsidiary corporations.  There is simply no showing that the parent banking corporation does business in Minnesota or seeks the protection of Minnesota laws for the purpose of advancing business interests in the state.  Consequently, there is no justification for assertion of personal jurisdiction on the basis of the nature and quality of contacts or the quantity of contacts.  With respect to the relationship between the cause of action and contacts with the forum state, there simply is no relationship between Minnesota and plaintiff's claims against the Royal Bank of Canada.  All operative events, i.e. opening the bank account and plaintiff's arrest, took place at the bank's location in Canada.  As to the need for providing a forum for the resident plaintiff's claims, the factor is minimally important

as a general rule and is essentially a non-factor under circumstances in which plaintiff does not deny that the case could be brought in a Canadian court.  Finally, plaintiff has not shown that a Minnesota forum is convenient to any party other than himself, and has not effectively overcome defendant's showing of non-convenience.  Application of the five-factor test does not establish the existence of minimum contacts such that Royal Bank of Canada can be said to have subjected itself to the jurisdiction of the district court in this matter for due process purposes.  As for plaintiff's reliance upon the presence of wholly owned RBC subsidiaries in Minnesota, neither the amended complaint nor plaintiff's submissions in response to the motion to dismiss contain allegations or facts which would support direct causes of actions against any subsidiary, and it is patently clear to the court that the subsidiaries were joined in this action for the sole purpose of attempting to establish jurisdictional contacts.  There is no showing, and nothing more than mere unsupported allegation, that Royal Bank of Canada exercised control and/or domination over the affairs of the subsidiaries.  Plaintiff fails to make even a rudimentary showing that any subsidiary defendant in this case is an alter ego of RBC.  Under these circumstances plaintiff fails to establish the existence of personal jurisdiction and defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be granted.

**Venue**

Defendants concurrently move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) on grounds that venue in the District of Minnesota is improper and that in the event venue is proper, the matter should be dismissed on *forum non conveniens* grounds.  28 U.S.C. § 1391(c) provides that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the

action is commenced . . ." For all the reasons previously discussed with regard to the nonexistence of contacts between Royal Bank of Canada and Minnesota and the consequent lack of personal jurisdiction, along with the absence of any cause of action for which relief can be granted as to all other defendants, venue in the district court in Minnesota is not proper and dismissal of the case for improper venue is appropriate.

*Forum Non Conveniens.* Defendants argue that even in the event that personal jurisdiction exists in this matter, and venue was found to be proper, the action is appropriately dismissed on grounds that the federal district court in Minnesota is not a convenient forum and an adequate alternative forum does exist. Defendants represent that they would agree to accept service of process in Canada and that Ontario Superior Court is an adequate forum. Defendants' position in this regard is well taken. See de Melo v. Lederle Laboratories, 801 F.2d 1058, 1060 (8th Cir. 1986). It is readily apparent to the court that the lion's share of witnesses and documentary evidence in this case are located in Canada. Though plaintiff asserts that all his witnesses and documents are located in Minnesota, the assertion is unsupported by particulars, and completely fails to account for defendants' witnesses and documents, as well as the deprivation of compulsory process to defendants. de Melo at 1063. Furthermore, all of the operative events at issue in the case took place in Canada, and the public interests favoring a Canadian forum far outweigh the public interests in favor of a Minnesota forum in this case because it is inescapable that Royal Bank of Canada's liability is ultimately to be considered under Canadian law and applicable defenses, despite plaintiff's efforts to tailor the complaint to allege claims under Minnesota and/or federal law. Id. at 1063-64. This action should be concurrently dismissed on *forum non conveniens* grounds.

action is commenced . . ." For all the reasons previously discussed with regard to the nonexistence of contacts between Royal Bank of Canada and Minnesota and the consequent lack of personal jurisdiction, along with the absence of any cause of action for which relief can be granted as to all other defendants, venue in the district court in Minnesota is not proper and dismissal of the case for improper venue is appropriate.

*Forum Non Conveniens.* Defendants argue that even in the event that personal jurisdiction exists in this matter, and venue was found to be proper, the action is appropriately dismissed on grounds that the federal district court in Minnesota is not a convenient forum and an adequate alternative forum does exist. Defendants represent that they would agree to accept service of process in Canada and that Ontario Superior Court is an adequate forum. Defendants' position in this regard is well taken. See de Melo v. Lederle Laboratories, 801 F.2d 1058, 1060 (8th Cir. 1986). It is readily apparent to the court that the lion's share of witnesses and documentary evidence in this case are located in Canada. Though plaintiff asserts that all his witnesses and documents are located in Minnesota, the assertion is unsupported by particulars, and completely fails to account for defendants' witnesses and documents, as well as the deprivation of compulsory process to defendants. de Melo at 1063. Furthermore, all of the operative events at issue in the case took place in Canada, and the public interests favoring a Canadian forum far outweigh the public interests in favor of a Minnesota forum in this case because it is inescapable that Royal Bank of Canada's liability is ultimately to be considered under Canadian law and applicable defenses, despite plaintiff's efforts to tailor the complaint to allege claims under Minnesota and/or federal law. Id. at 1063-64. This action should be concurrently dismissed on *forum non conveniens* grounds.

## RECOMMENDATION

For the reasons stated above, it is hereby **recommended** that defendants' motion to dismiss be **granted** [Docket No. 8] and that the amended complaint in this matter be **dismissed** with prejudice.[11]

Dated:   May 30, 2007

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 14, 2007.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.

---

[11] Because the court recommends dismissal of this action on jurisdiction and venue grounds, the court does not reach the merits of the individual claims.